IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) No.: |
| | ) |
| HINSDALE ORTHOPAEDIC ASSOCIATES, S.C. d/b/a HINSDALE ORTHOPAEDICS; SHARON GUAJARDO; and KRISTINA PADOVANO, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF ROBERT SWEENEY. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, HARTFORD UNDEWRWRITERS INSURANCE COMPANY ("Hartford") by its attorneys, Michael J. Duffy and Alexandrea Y. Diaz of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants Hinsdale Orthopaedic Associates, S.C. ("HOA"), Sharon Guajardo (individually "Guajardo" and collectively referred to with HOA as "Hinsdale"), and Kristina Padovano, as Independent Administrator of the Estate of Robert Sweeney ("Padovano"), states as follows:

**STATEMENT OF CASE**

1.  This action seeks a declaration that Hartford owes no insurance coverage obligations to Hinsdale in connection with the claims against them in a lawsuit styled as *Kristina Padovano et al v Hinsdale Orthopaedic, et al.,* Case Number 19-295, currently pending in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois (hereinafter the "*Estate* Suit"). A copy of the most recent Complaint in the *Estate* Suit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

2. Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

3. Defendant HOA is a corporation formed under the laws of the State of Illinois with its principal place of business in Illinois.

4. Defendant Guajardo is a citizen of Illinois and resides in Illinois.

5. Defendant Padovano is a citizen and resident of Illinois and is the Administrator of the Illinois Estate of Robert Sweeney. Padovano is joined solely as an interested party to be bound by the judgment herein.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Hartford is not a citizen of any state in which any of the Defendants are citizens.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves claims for coverage regarding a suit pending within the geographical boundaries of this District under a policy of insurance issued within the geographical boundaries of this District and the Defendants all do business and/or reside in this District.

**FACTS**

8. Hinsdale demanded defense and indemnity from Hartford under the Hartford Policy (defined below) as respects their liability in the *Estate* Suit.

9. The *Estate* Suit alleges that on or about September 20, 2017 Robert Sweeney sustained injuries and thereafter died after he fell undergoing a standing x-ray being performed in HOA's radiological suite by HOA's professional technician Guajardo. *See*, Ex. A.

10. Hartford denies it owes Hinsdale any defense or indemnity obligations with respect to the claims against them in the *Estate* Suit.

11. An actual and justiciable controversy exists between parties as to the availability of insurance coverage for Hinsdale with respect to the *Estate* Suit under the Hartford Policy issued to HOA. Pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201) this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## HARTFORD POLICY

12. Hartford issued a general liability insurance policy to its named insured, Hinsdale Orthopaedic Associates SC, bearing policy number 83UUNPY5519 effective from June 13, 2017 to June 13, 2018 ("Hartford Policy"). A copy of the Hartford Policy is attached as Exhibit B.

13. The commercial general liability coverage in the Hartford Policy provides, in part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I — COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement.**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence"...

    c.    The "bodily injury" or "property damage" occurs during the policy period . . .

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**    **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply...

    b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * *

See, Exhibit B.

    14.    The Hartford Policy includes endorsement Form CG 22 44 04 13 EXCLUSION-SERVICES FURNISHED BY HEALTH CARE PROVIDERS which states in part:

**EXCLUSION-SERVICES FURNISHED BY HEALTH CARE PROVIDERS**
This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

**Description Of Operations:**

ALL OPERATIONS

The following exclusion is added to Paragraph **2. Exclusions of Section I-Coverage A- Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I — Coverage B-Personal and Advertising Injury Liability:**

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**(1)** The rendering of or failure to render:

(a) Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

(b) Any health or therapeutic service, treatment, advice or instruction; or

(c) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

**(2)** The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

**(3)** The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved that which is described in Paragraph **1., 2.** or **3.**

See Exhibit B.

15. The Services Furnished by Health Care Providers Exclusion in the Hartford Policy

excludes coverage for claims for "bodily injury" arising out of the rendering or failure to render

259711738v.1

health or therapeutic, medical, x-ray or nursing service, treatment, advice or instruction even if the claims against the insured involve wrongdoing in the supervision, hiring, training or monitoring of others by the insured.

16. The claims against Hinsdale in the *Estate* Suit fall within Services Furnished by Health Care Providers Exclusion.

17. Accordingly, Hartford has no duty to defend or indemnify Hinsdale for their liability in the *Estate* Suit.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Hinsdale for the claims against them in the *Estate* Suit; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

HARTFORD UNDERWRITERS INSURANCE COMPANY

By:     /s/ Michael J. Duffy
       One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Alexandrea Y. Diaz (alexandrea.diaz@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)

259711738v.1

**CERTFICATE OF SERVICE**

      I hereby certify that on October 1, 2021, I electronically filed the aforesaid document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                       By:           s/ Michael J. Duffy  
                                                                             One of the Attorneys for  
                                                                             Hartford Underwriting Insurance Company

Michael J. Duffy (6196669)-michael.duffy@wilsonelser.com  
Alexandrea Y. Diaz (6335785) alexandrea.diaz@wilsonelser.com  
Wilson Elser Moskowitz Edelman & Dicker LLP  
55 West Monroe Street – Suite 3800  
Chicago, IL 60603  
(312) 704-0550

259711738v.1